IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE LAURO HINOJOSA, and<br>JACQUELINE FUENTES, individually,<br>and on behalf of those similarly situated, | §<br>§<br>§ | CIVIL ACTION NO. 3:20-315 |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | COLLECTIVE ACTION |
| STRATEGIC SECURITY<br>CORPORATION, | §<br>§<br>§<br>§ | |
| Defendant. | § | DEMAND FOR JURY TRIAL |

## PLAINTIFFS' COMPLAINT – COLLECTIVE ACTION

1. This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*., by Plaintiffs Jose Lauro Hinojosa and Jacqueline Fuentes against Defendant Strategic Security Corporation. Plaintiffs worked for Defendant as security guards. Plaintiffs bring their claims against Defendant individually and on behalf of a group of similarly situated former and current employees of Defendant for failing to pay overtime pay to workers. As such, Plaintiffs seek unpaid wages, liquidated damages, and attorney's fees and expenses for themselves and for similarly situated workers who join this action.

## JURISDICTION AND VENUE

2. Plaintiffs bring this case to recover unpaid compensation under the FLSA. As such, this Court has jurisdiction over the Plaintiffs' claims pursuant to the following:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce); and

      c. 29 U.S.C. § 216(b) (FLSA).

3. Because a substantial part of the acts or omissions giving rise to Plaintiffs' causes of action occurred in or around El Paso County, Texas, and Defendant has had sufficient contacts with El Paso, County to establish residence, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2)). Defendant's pay scheme resulted in underpayment of possible similarly situated current and former employees of Defendant in El Paso, Texas.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff Jose Hinojosa is a natural person residing in Hidalgo County, Texas.

6. Plaintiff Jacqueline Fuentes is a natural person residing in Hidalgo County, Texas.

7. Plaintiffs' Notices of Consent to participate in this lawsuit are attached hereto as Exhibit A.

8. Plaintiffs also file this lawsuit on behalf of a group of other similarly situated current and former employees of Defendant who have performed work for Defendant at any time from the date that is three years prior to the filing of this complaint to the present ("Group Members"), who may become parties to the lawsuit by filing a Notice of Consent to participate pursuant to 29 U.S.C. § 216(b).

9. Defendant Strategic Security Corporation is a New York corporation whose principal place of business is in Suffolk County, New York. It is registered with the Texas Secretary of State as a foreign corporation and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC–Lawyer's Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTS

10. Defendant Strategic Security Corporation is a national company providing security services throughout the country, including in Donna and El Paso, Texas. Its operations are managed by a central office in Commack, New York.

11. Defendant was an "employer" of Plaintiffs and Group Members within the meaning of 29 U.S.C. § 203(d). Facts demonstrating that Strategic Security Corporation was an employer of Plaintiffs and Group Members include the following:

   a. Plaintiffs were paid by checks issued by Strategic Security Corporation.

   b. Strategic Security Corporation possessed the authority to hire and fire Plaintiffs and Group Members.

   c. Plaintiffs and Group Members received instruction regarding how to perform their job duties from Strategic Security Corporation through its agents.

   d. Plaintiffs and Group Members performed security services of the type specified by Strategic Security Corporation and at the hours set by Strategic Security Corporation.

   e. Plaintiffs and Group Members reported their hours worked to Strategic Security Corporation.

   f. Strategic Security Corporation possessed and exercised the authority to control the employment rules and policies applicable to Plaintiffs and Group Members including scheduling, timekeeping, payroll, and discipline.

12. Defendant Strategic Security Corporation "employed" Plaintiffs and Group Members within the meaning of 29 U.S.C. § 203(g).

13. Plaintiffs and Group Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

14. Group Members include all hourly employees who have performed work for Defendant in Texas and received a health and welfare or fringe benefit hourly wage in addition to a regular hourly wage at any time from the date that is three years prior to the filing of this complaint to the present.

15. Defendant has, at all times relevant to this action, employed more than two individuals, including Plaintiffs and Group Members, who provided security services at various facilities, including the facility in Donna, Texas where Plaintiffs worked and in El Paso, Texas. As such, Defendant's security service operations are, and have been for all times relevant to this action, an enterprise that has employed more than two employees who handled and worked with goods and materials that have been moved in or produced for commerce.

16. Throughout their employment with Defendant, Plaintiffs and Group Members handled goods or materials that had been moved in or produced for commerce.

17. Defendant's business operations' gross annual volume of sales made or business done is at least, and for all times relevant to this action has been at least, $500,000.00.

18. Defendant's security operations are and have been for all times relevant to this action an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

19. At all times relevant to this action Plaintiffs and Group Members were employed in an enterprise engaged in commerce within the meaning of 29 U.S.C. § 207(a).

20. From approximately August 2019 until approximately March 2020, Plaintiffs Jose Lauro Hinojosa and Jacqueline Fuentes worked as security guards for Defendant.

21. Defendant hired and employed Plaintiffs to provide security services at the facility in Donna, Texas.

22. Defendant hired and employed Group Members to perform security services and other duties throughout Texas.

23. At all times relevant to this action, Plaintiffs and Group Members performed security services and other work for the Defendant in and around counties throughout Texas.

24. Defendant paid Plaintiffs an hourly rate of $10.66 per hour.

25. Defendant also paid Plaintiffs and Group Members an hourly "health and welfare" premium.

26. The "health and welfare" premium paid to Plaintiffs was between approximately $4.22 to $4.48 per hour worked.

27. These health and welfare premium payments were issued directly to Plaintiffs and Group Members on their regular paychecks. They are indicated on Plaintiffs' and Group Members' paystubs as "Fringe Benefit Hourly" payments.

28. However, Defendant did not include the health and welfare premium payments when calculating Plaintiffs' and Group Members' "regular rate of pay," as required by 29 U.S.C. § 207(e).

29. As a result, Defendants did not pay Plaintiffs and Group Members one and one-half times their correctly calculated regular hourly rate of pay for hours worked over 40 in a workweek.

30. For example, during the two-week pay period from February 23, 2020 to March 7, 2020, Plaintiff Jose Lauro Hinojosa's paystub shows that he worked 98.5 hours. Hinojosa was paid $10.66 per hour plus an additional $4.48 per hour for 80 hours, for a total regular hourly

wage of $15.14 per hour. For the additional 18.5 hours indicated as overtime on the paystub, Plaintiff was paid only $15.99 per hour.

31. Similarly, during the two-week pay period from August 25, 2019 to September 7, 2019, Plaintiff Jacqueline Fuentes's paystub shows that she worked 83.75 hours. Fuentes was paid $10.66 per hour plus an additional $4.48 per hour for 75.75 hours. For an additional 8 hours indicated as overtime on the paystub, Fuentes was paid only $15.99 per hour.

32. Based on a correct regular rate of pay of $15.14 per hour, Defendant should have paid Plaintiffs an overtime rate of $22.71 per hour during these two-week periods. Defendant's failure to accurately calculate the regular and overtime rate of pay resulted in an underpayment of $6.72 for each hour of overtime due.

33. Throughout their employment with Defendant, Plaintiffs and Group Members regularly worked more than 40 hours per workweek.

34. Plaintiffs' payroll documents demonstrate they were not paid overtime correctly for any week in which they worked overtime due to Defendant's incorrect calculations of Plaintiffs' regular rate of pay.

35. At all times relevant to this action, Defendant willfully or with reckless disregard carried out its pattern or practice of failing to pay the correct overtime compensation due to Plaintiffs and Group Members by miscalculating their regular rate of pay.

36. Plaintiffs and Group Members performed hourly, low-skill, non-supervisory work that does not qualify for any exemption to the FLSA overtime requirements.

37. As is evident on the face of Plaintiff's paystubs and payroll documents, Defendant disregarded its obligation to pay overtime at the correct rate for all overtime worked.

38. Defendant was aware of the total hours worked by Plaintiffs and Group Members and that Plaintiffs and Group Members were not paid one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

39. Defendant was aware or showed reckless disregard for the requirement to include the health and welfare premium when calculating Plaintiffs and Group Members' regular rate of pay for purposes of calculating overtime owed.

40. Defendant's policy of not including the health and welfare premium in the regular rate of pay was applied to Plaintiffs and Group Members.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring their claims for relief for FLSA overtime compensation both individually and as a collective action on behalf of the following group: *all hourly employees who have performed work for Defendant in Texas and received a health and welfare or fringe benefit hourly wage in addition to a regular hourly wage at any time from the date that is three years prior to the filing of this complaint to the present.*

42. Plaintiffs and Group Members are similarly situated because the acts and omissions leading Defendant to pay Plaintiffs less than the federally mandated overtime pay were also applied by Defendant with regard to its other employees during the three years prior to the filing of this Complaint to the present, causing such other workers as may file their consent to sue with this Court to be paid less than the federally mandated overtime pay.

43. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the failure to pay the overtime rate to Plaintiffs applied to all Group Members. Facts demonstrating Defendant's common application of this policy include the following:

    a. Defendant's common policy of not paying overtime is evident on the face of Plaintiffs' paystubs.

    b. Defendant's job postings for positions in Donna, Texas and El Paso, Texas advertise the same practice of paying an additional $4.22 per hour as "health and welfare benefits" or "H&W."

    c. The terms and conditions of Plaintiffs' and Group Member's employment, including overtime policy, were governed by a centralized policy set by Defendant's corporate office.

    d. Upon information and belief, Defendant used the same time keeping and payroll systems and programs for Plaintiffs and Group Members.

### FIRST CLAIM FOR RELIEF
### (FLSA – Individual Plaintiffs)

44. Plaintiffs reincorporate and re-allege paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. The above-described actions by Defendant violated Plaintiffs' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b). Plaintiffs have consented to the filing of this action for violations of the FLSA. *See* Exhibit A.

46. Defendant's violation of the FLSA as specified above was willful.

### SECOND CLAIM FOR RELIEF
### (FLSA – Group Members)

47. Plaintiffs reincorporate and re-allege paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. The above-described actions by Defendant violated the Group Members' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

49. Defendant's violation of the FLSA as specified above was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Group Members, pray that this Court:

A. Order issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Group Members apprising them of the pendency of this action and of their right to join this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Declare that Defendant has violated the FLSA by failing to pay Plaintiffs and all who may join this suit overtime as required by 29 U.S.C. § 207(a);

C. Award Plaintiffs and all who may join this suit their unpaid overtime compensation and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Award Plaintiffs and all who may join this suit their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

E. Award Plaintiffs and all who may join this suit post-judgment interest, as provided by law; and

F. Award Plaintiffs and all who may join this suit such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TEXAS RIOGRANDE LEGAL AID**

*/s/ Christopher Benoit*
Christopher Benoit
cbenoit@trla.org
Texas Bar No. 24068653
TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, Texas 79901
Tel: (915) 585-5118
Fax: (956) 544-3789

Nicole Bucheri
nbucheri@trla.org
Texas Bar No.: 24095388
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren
Brownsville, Texas 78520
Tel: (956) 982-5540
Fax: (956) 541-1410
*Pro Hac Vice Admission Pending*

ATTORNEYS FOR PLAINTIFFS